IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MERLE RAMONE,

    Plaintiff,

v.    No. CIV-07-0359 BB/RHS

FRANK H. ALLEN JR.,
KARI BRANDENBURG,
JAMES A. YONTZ
a.k.a. JIM YONTZ,
LINDA MOTT,
ALICIA DURAN,
PHYLLIS SUBIN,
JEFFREY BUCKLES,
JOSEPH CAMPBELL,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court

applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint sets out two claims against the eight named Defendants. The Defendants are prosecutors, defense attorneys, and a former and now deceased New Mexico district judge. Plaintiff alleges that, in state criminal proceedings, the Defendants caused to be excluded evidence of Plaintiff's alcoholic blackout during the commission of the crimes charged against him. The exclusion deprived him of a fair trial. Plaintiff also asserts a claim of ineffective assistance of counsel against Defendants Buckles and Campbell for failing to call a witness who would have testified about his blackout. He contends that Defendants' conduct violated his rights under the Fifth and Sixth Amendments. The complaint asks for damages and an order dismissing the criminal charges and releasing Plaintiff from custody.

Defendant (former New Mexico District Judge) Frank H. Allen, Jr., and the prosecuting attorneys are immune to Plaintiff's claims. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). Furthermore, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *And see Dopp v. Rask*, 91 F. App'x 79, 80-81 (10th Cir. 2004) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997)). Plaintiff's claims against Defendant Allen and the prosecuting attorneys will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

Plaintiff's allegations do not support § 1983 claims against his defense attorneys. A private person does not act "under color of state law," as required for purposes of § 1983. *See Flagg Bros.,*

*Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  The general rule is that an attorney, by virtue of being an officer of the court, is not a state actor and so cannot be sued under § 1983 for actions taken in the course of representing a client.  *See Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983).  The rule includes public defenders who undertake a defense.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).    The Court will dismiss Plaintiff's claims against these Defendants.

Last, no relief is available under § 1983 on Plaintiff's claims seeking dismissal of criminal charges and release from custody.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  . . . .  Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  These claims will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's claims seeking dismissal of criminal charges and release from custody are DISMISSED without prejudice; otherwise the complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE